IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | NO. CIV.S-04-2611 FCD DAD |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DISCO AZTECA DISTRIBUTORS, INC., | |
| Defendant. | |

This matter came before the court on July 7, 2006, for hearing on plaintiffs UMG Recordings, Inc., Univision Music LLC and Disa, LLC's motion to exclude evidence pursuant to Federal Rule of Civil Procedure 37(c)(1) due to defendant Disco Azteca Distributor's failure to comply with the expert report requirement of Rule 26(a)(2)(B)[1] concerning the expert testimony of Mitch Holder ("Holder"). Plaintiffs' motion was referred to this court by Local

---

[1] All references to the Rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

1

Rule 72-302(c)(1), pursuant to 28 U.S.C. § 636(b)(1)(A).  Jeffrey D. Goldman appeared on behalf of plaintiffs at the hearing on the motion.  David S. White appeared telephonically on behalf of defendant.  The court has considered all written materials submitted with respect to the motion and heard oral argument.  For the reasons discussed on the record at the hearing, and as further explained below, the undersigned will recommend that plaintiffs' motion to strike be granted.

## APPLICABLE LEGAL STANDARDS

Rule 26(a)(2)(B) deals with disclosure of expert reports and provides as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  Rule 37 addresses a party's failure to disclose expert reports and provides:

/////

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

The Ninth Circuit Court of Appeals has observed that "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)(citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001)). In Yeti by Molly the Ninth Circuit upheld the district court's exclusion of expert testimony where the defendant disclosed the expert's report outside the time provided by Rule 26(a)(2). The court explained that Rule 37(c)(1),

> is a recognized broadening of the sanctioning power. Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule...."). The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." Fed. R. Civ. P. 37 advisory committee's note (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. Ortiz-Lopez, 248 F.3d at 35

3

        (although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1)).

Yeti by Molly, 259 F.3d at 1106.

The Ninth Circuit also noted that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."[2] Id. The party facing sanctions bears the burden in this regard. Id. at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction.")

## **ANALYSIS**

Plaintiffs initiated this action against defendant for violation of United States Copyright Law, seeking damages for copyright infringement under 17 U.S.C. § 101 et seq. Plaintiffs

---

[2] Defendant argues that the holding in Baterman v. United States Postal Serv., 231 F.3d 1220 (9th Cir. 2000) requires that the motion to strike be denied. The argument is misplaced. In Bateman the court was addressing a request for relief under Rule 60(b)(1) where judgment had been entered because a motion for summary judgment had been uncontested due to opposing counsel being out of the country. 231 F. 3d at 1222-23. Here, Rule 60(b)(1) and the "excusable neglect" language contained therein has no application. The Ninth Circuit has not applied the Bateman factor test to Rule 37(c)(1) sanctions where the sanction being sought is limited to the exclusion of expert testimony. See Yeti by Molly, 259 F.3d at 1106-07.

4

1 allege that defendants illegally imported phonorecords from Mexico
2 containing copyrighted works owned by plaintiffs.  Defendant cross
3 claimed against two of the plaintiffs, Univision Music, LLC and DISA
4 LLC, alleging that they similarly had imported phonorecords
5 containing copyrighted works owned by defendant.

6      In support of its cross claim, defendant Disco Azteca
7 Distributors seeks to utilize the expert testimony of Mitch Holder, a
8 professional studio guitar player.  Under the court's June 30, 2005
9 Scheduling Order the deadline for disclosing expert witnesses was
10 March 3, 2006.  By stipulation and order filed April 6, 2006, the
11 court extended the deadline to disclose expert witnesses and provide
12 expert reports to April 24, 2006.  On April 24, 2006, defendant
13 disclosed the identity of their expert Mr. Holder.  However,
14 defendant failed to submit an expert report that met the requirements
15 of Rule 26(a)(2)(B).  Plaintiffs wrote to defendant concerning the
16 deficient report and noticed Holder's deposition for May 18, 2006.
17 That noticed deposition did not go forward, however, because no
18 expert report was filed by defendant as of the date of deposition.
19 On June 5, 2006, plaintiffs brought this motion to strike on the same
20 day that defendant finally submitted a proper expert report as
21 required under Rule 26.  Under these circumstances, plaintiffs'
22 motion to strike defendant's belated designation of expert is well-
23 taken.

24      Defendant violated Rule 26(a)(2)(B) by failing to provide a
25 timely expert report, thereby denying the plaintiffs notice of Mr.
26 Holder's opinions or the data and reports upon which such opinions

are based.  Defendant does not contend that the disclosure submitted on April 24, 2006 was complete.  Moreover, although defendant's amended expert disclosure belatedly filed on June 5, 2006 is complete, because it was not timely submitted, under Rule 37(c)(1) Mr. Holder's expert testimony is inadmissible unless the failure was either: (1) substantially justified or (2) harmless.

Defense counsel first argues that the failure to disclose was substantially justified.  In this regard, counsel asserts that the late submission of the required expert report was due to a combination of factors beyond counsel's control.  Counsel contends that he was preoccupied due to his engagement in a number of trials at the time the expert report was due.  (Defendant's Opposition at 3).  The Ninth Circuit and other courts have rejected the notion that the press of business constitutes a "substantial justification" for non-disclosure sufficient to avoid imposition of a discovery sanction.  See Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1028 (9th Cir. 2003); see also Pinero Schroeder v. Federal National Mortgage Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978).  Next, defendant's counsel explains that Mr. Holder was in Yosemite for ten days and was thereafter preoccupied with rehearsals thus rendering him unavailable to produce the expert report required under Rule 26.  (Defendant's Opposition at 3-4).  Counsel's claim that his expert was occupied is unpersuasive.  Obviously, contacting opposing counsel and seeking a stipulation extending the discovery cut-off dates was an avenue available to defense counsel.  Failing that, counsel could have timely sought an extension of time from the court, located a

different expert, or more effectively communicated with his preferred expert and scheduled around any possible conflicts. None of the reasons advanced by defendant constitute a substantial justification for the untimely filing of Mr. Holder's expert report.

Next, defendant argues that the failure to provide the timely expert report was harmless. That claim is unsupportable. Pursuant to the District Court's Scheduling Order expert discovery in this action closed on June 2, 2006. Defendant failed to submit the required expert report until June 5, 2006. Thus disclosure took place <u>after</u> discovery had closed, after the date noticed for Holder's deposition, and approximately six weeks after the deadline to disclose expert witnesses. As of the date of the hearing on this motion, discovery was closed and thus plaintiffs have been denied an opportunity to depose defendant's expert. Under these circumstances defendant's failure to timely disclose their expert report was clearly not harmless.

While plaintiffs have been harmed as a result of defendant's failure to timely disclose the expert report, the prejudice suffered is attributable to the fact that the deadlines for discovery and the filing of dispositive motions under the scheduling order have elapsed. Indeed, as the undersigned commented at the hearing on this motion, once the required expert report was belatedly produced three days after the close of expert discovery, plaintiffs' counsel made no effort to mitigate the harm. Instead, plaintiffs' counsel appears to have adopted a strategy of taking advantage of defense counsel's failure by moving to strike defendant's expert.

7

That is not to say that plaintiffs' counsel was obligated to act otherwise. Nonetheless, upon review of these Findings and Recommendations, were the assigned district judge to extend the deadlines for discovery and dispositive motions for the purpose of allowing Mr. Holder to be deposed, the harm to plaintiffs would be eliminated.[3] Of course, the magistrate judge is not empowered to modify the district judge's scheduling order. Plaintiffs were not permitted to depose defendant's expert witness prior to the close of discovery. Thus, plaintiffs were harmed by defendant's late disclosure.

For these reasons, the undersigned will recommend that the motion to strike be granted.

## **CONCLUSION**

Accordingly, the court HEREBY RECOMMENDS that plaintiffs UMG Recordings, Inc., Univision Music LLC and Disa, LLC's motion to strike the expert testimony of Mitch Holder be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, either party may file written objections with the court. Such a document should

---

[3] The undersigned finds unpersuasive plaintiffs' argument that because they have now filed their summary judgment motion the harm suffered cannot be alleviated by the re-opening of discovery since defendant's expert would now have the benefit of seeing plaintiffs' summary judgment motion prior to his deposition. The belatedly produced expert report was disclosed long before plaintiffs' summary judgment motion was filed.

8

be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:im
Ddad1/orders.civil/UMG2611.order